NSHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
JAY T. RAMSEY, Cal Bar No. 273160
RANA SALEM, Cal Bar No. 358050
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
E-mail:       ccardon@sheppard.com
              jramsey@sheppard.com
              rsalem@sheppard.com

*Attorneys for Defendant*
Williams-Sonoma, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KATIE O'MALLEY and MEGAN REILLY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>        Defendant. | Case No. 3:26-cv-01276-RFL<br><br>*Hon. Rita F. Lin*<br><br>**DEFENDANT WILLIAMS-SONOMA, INC.'S REPLY IN SUPPORT OF THE MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>*Filed concurrently with Declaration of Rana Salem and Request for Judicial Notice*<br><br>Hearing Date: June 30, 2026<br>Time:        10:00 a.m.<br>Courtroom:   15/ 18th Floor<br><br>FAC Filed:    March 16, 2026<br>Trial Date:    Not Set |

## **TABLE OF CONTENTS**

Page

I.    INTRODUCTION...................................................................................................................1

II.   THERE IS AN AGREEMENT TO ARBITRATE ................................................................1

III.  THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE ...............................4

     A.    Plaintiffs Have Not Established Procedural Unconscionability...............................4

     B.    Plaintiffs Have Not Established Substantive Unconscionability .............................6

IV.   CONCLUSION .....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Andrade v. Am. First Fin., Inc.*
    2023 U.S. Dist. LEXIS 80920 (N.D. Cal. Apr. 20, 2023).......................................................5, 7

*AT&T Mobility LLC v. Concepcion*
    563 U.S. 333 (2011) ....................................................................................................................8

*Ayala-Ventura v. Superior Court*
    119 Cal. App. 5th 241 (2026)...............................................................................................6, 7, 8

*Babaeva v. J. Crew Grp., LLC*
    2023 WL 7346079 (N.D. Cal. Nov. 6, 2023).........................................................................7, 8

*Barrientos v. Williams-Sonoma, Inc.*
    Case No. 21 CH 04285, *Memo. Op. and Order* (Ill. Cir. Ct. June 4, 2024)............................2

*Berman v. Freedom Fin. Network*
    *LLC,* 30 F.4th 849 (9th Cir. 2022)........................................................................................3, 5

*Bielski v. Coinbase, Inc.*
    87 F.4th 1003 (9th Cir. 2023)................................................................................................8, 9

*Blau v. AT&T Mobility, Inc.*
    2012 WL 10546 (N.D. Cal. Jan. 3, 2012) .................................................................................1

*Bonkowski v. Walmart Inc.*
    2025 WL 4688082 (C.D. Cal. June 17, 2025)...........................................................................8

*Camino v. H&R Block*
    2024 WL 3295589 (E.D. Pa. July 3, 2024) .............................................................................10

*Chabolla v. ClassPass Inc.*
    129 F.4th 1147 (9th Cir. 2025)..................................................................................................5

*Chamberlain v. LG Elecs. U.S.A.*
    2017 U.S. Dist. LEXIS 117968 (C.D. Cal. June 29, 2017).......................................................4

*Condee v. Longwood Mgmt. Corp.*
    88 Cal. App. 4th 215 (2001)......................................................................................................1

*Cook v. University of Southern California*
    102 Cal. App. 5th 312 (2024).................................................................................................7, 8

*Crawford v. Beachbody, LLC*
    2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ............................................................................4

SMRH:4908-1347-9851.4                  REPLY ISO MOTION TO COMPEL ARBITRATION

*Cruise v. Kroger Co.*
    233 Cal. App. 4th 390 (2015) ................................................................................................ 1

*Cruz v. Tapestry, Inc.*
    113 Cal. App. 5th 943 (2025) ................................................................................................ 3

*Dias v. Burberry Ltd.*
    2021 WL 2349730 (S.D. Cal. June 8, 2021) ..................................................................... 5, 6

*Dupler v. Orbitz, LLC*
    2018 WL 6038309 (C.D. Cal. July 5, 2018) .......................................................................... 4

*Gauzner v. Butterfly Effects, LLC*
    2025 WL 417956 (E.D. Cal. Feb. 5, 2025) ............................................................................ 8

*Ghazizadeh v. Coursera, Inc.*
    737 F. Supp. 3d 911 (N.D. Cal. 2024) ................................................................................... 4

*Godun v. JustAnswer LLC*
    135 F.4th 699 (9th Cir. 2025) ................................................................................................ 2

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*
    232 Cal. App. 4th 1332 (2015) ............................................................................................... 5

*Heckman v. Live Nation Ent. Inc.*
    120 F.4th 670 (9th Cir. 2024) ................................................................................................ 9

*Higgins v. Superior Court*
    140 Cal. App. 4th 1238 (2006) ............................................................................................... 6

*Hunt v. Meta Platforms, Inc.*
    729 F. Supp. 3d 964 (N.D. Cal. 2024) ................................................................................. 10

*Landeros v. Cintas Corp. No. 3*
    2021 WL 4147005 (C.D. Cal. June 9, 2021) ......................................................................... 6

*Lee v. Ticketmaster L.L.C.*
    2019 WL 9096442 (N.D. Cal. Apr. 1, 2019), *aff'd*, 817 Fed. Appx. 393 (9th Cir. 2020) .... 2, 4

*Marshall v. Georgetown Mem'l Hosp.*
    112 F.4th 211 (4th Cir. 2024) ................................................................................................ 5

*Masry v. Lowe's Companies, Inc.*
    2024 WL 3228086 (N.D. Cal. June 28, 2024) ....................................................................... 5

*Morris v. Redwood Empire Bancorp*
    128 Cal. App. 4th 1305 (2005) ............................................................................................... 5

*Moule v. United Parcel Serv. Co.*
    2016 WL 3648961 (E.D. Cal. Jul. 7, 2016) ........................................................................... 4

SMRH:4908-1347-9851.4

*Nail v. Lens.com, Inc.*
  2024 WL 3723912 (C.D. Cal. June 20, 2024)...................................................................... 4

*Nicosia v. Amazon.com, Inc.*
  834 F.3d 220 (2d Cir. 2016) .................................................................................................. 5

*Niedziela v. Viator, Inc.*
  2025 WL 2732916 (C.D. Cal. Sept. 25, 2025)....................................................................... 3

*Openshaw v. FedEx Ground Package Sys., Inc.*
  731 F. Supp. 2d 987 (C.D. Cal. 2010)................................................................................. 10

*OTO, L.L.C. v. Kho*
  8 Cal. 5th 111 (2019)............................................................................................................ 8

*Patrick v. Running Warehouse, LLC*
  93 F.4th 468 (9th Cir. 2024)......................................................................................... 1, 2, 4

*Pereyra v. Guaranteed Rate, Inc.*
  2019 WL 2716519 (N.D. Cal. June 28, 2019) .................................................................... 10

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*
  55 Cal. 4th 223 (2012)........................................................................................................... 4

*Poublon v. C.H. Robinson Co.*
  846 F.3d 1251 (9th Cir. 2017)............................................................................................... 5

*R.C. v. Walmart Inc.*
  2025 WL 2836648 (C.D. Cal. Sept. 30, 2025)................................................................... 3,5

*Rios v. HRB Digit. LLC*
  807 F. Supp. 3d 975 (N.D. Cal. 2025) ........................................................................... 9, 10

*Rocha v. Urb. Outfitters, Inc.*
  2024 WL 393486 (N.D. Cal. Feb. 1, 2024)........................................................................... 3

*Rodriguez v. Abercrombie & Fitch Trading Co.*
  2026 WL 892830 (S.D. Cal. Mar. 30, 2026).......................................................................... 3

*Rodriguez v. T-Mobile USA, Inc.*
  2023 WL 6593786 (S.D. Cal. Sept. 28, 2023) ...................................................................... 6

*Ross v. Shutterfly Lifetouch, LLC*
  2021 WL 4776666 (N.D. Cal. Oct. 13, 2021)........................................................................ 4

*Rushing v. Williams-Sonoma, Inc.*
  2020 WL 6787135 (N.D. Cal. Oct. 8, 2020).................................................................... 2, 4

*Rushing v. Williams-Sonoma, Inc.*
  2025 WL 2391394 (N.D. Cal. Aug. 18, 2025)....................................................................... 2

SMRH:4908-1347-9851.4

REPLY ISO MOTION TO COMPEL ARBITRATION

*Sadlock v. Walt Disney Co.*
  2023 WL 4869245 (N.D. Cal. July 31, 2023) ............................................................................. 7

*Sanfilippo v. Match Grp. LLC*
  2021 WL 4440337 (9th Cir. Sept. 28, 2021) ......................................................................... 8, 9

*Saucedo v. Experian Infor. Sols., Inc.*
  2023 WL 4708015 (E.D. Cal. July 24, 2023) ............................................................................. 8

*Schlueter-Beckner v. SimpliSafe, Inc.*
  2025 WL 2162948 (N.D. Cal. July 30, 2025) ............................................................................. 3

*Sellers v. JustAnswer*
  LLC, 73 Cal. App. 5th 444 (2021) ............................................................................................. 5

*Simon v. Williams-Sonoma, Inc.*
  Case No. CGC-19-576923, *Order* (Cal. Sup. Ct. Feb. 7, 2020) ............................................. 2

*Swain v. LaserAway Med. Grp., Inc.*
  57 Cal. App. 5th 59 (2020) ........................................................................................................ 6

*Tompkins v. 23andMe, Inc.*
  840 F.3d 1016 (9th Cir. 2016) ................................................................................................... 9

*Weeks v. Interactive Life Forms, LLC*
  100 Cal. App. 5th 1077 (2024) .................................................................................................. 5

*Wilson v. Hatch Bank*
  2024 WL 1355492 (S.D. Cal. Mar. 29, 2024) ........................................................................... 6

SMRH:4908-1347-9851.4                          REPLY ISO MOTION TO COMPEL ARBITRATION

## I.    INTRODUCTION

WSI's arbitration agreement has been repeatedly enforced, and courts have repeatedly compelled arbitration based on WSI's website design. The same is true for countless other companies with similar online check-out flows and materially identical clauses. Thus, while Plaintiffs' arguments seem, superficially, to have merit, even a modicum amount of analysis proves that the arguments fail. For the reasons set forth below, this Court should do what countless courts have done before—compel arbitration of claims that arise out of purchases, where those purchases resulted in an agreement to arbitrate.

## II.    THERE IS AN AGREEMENT TO ARBITRATE

On a motion to compel arbitration, under federal and California law, "the threshold question… is whether there is an agreement to arbitrate." *Cruise v. Kroger Co.*, 233 Cal. App. 4th 390, 396 (2015). Proving an agreement to arbitration is a low bar that can be accomplished by "provid[ing] the court with" nothing "more than a copy [of the agreement] or recitation of its terms." *Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 218 (2001). WSI plainly met this burden. The Terms in this case are a type of hybrid "clickwrap" / "browsewrap" online agreement where users agree to a set of terms and conditions available via hyperlink. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024). Located directly above the "Place Order" button that Plaintiffs clicked to complete their purchases was a clear statement: "By placing an order, you are agreeing to our Privacy Policy and Terms of Use." (ECF Nos. 22, 22-1, 22-2.) The underlined phrase "Terms of Use" was a hyperlink, which opened and displayed the Terms. (*Id.*)

Because WSI met its initial burden, Plaintiffs were required to submit ***evidence***, by way of ***declaration under penalty of perjury***, that they did not see or agree to the Terms. To create an issue of fact that might warrant denial of a motion to compel arbitration, the existence of the agreement to arbitrate must be "unequivocally den[ied]"; counsel's arguments are insufficient. *Blau v. AT&T Mobility, Inc.*, 2012 WL 10546, at *3 (N.D. Cal. Jan. 3, 2012). No such evidence was provided, and so the Court should find an agreement to arbitrate for this reason alone.

Even if Plaintiffs had submitted the required evidence, thereby creating a factual dispute about whether an agreement to arbitrate exists, the Court should still compel arbitration. Courts hold

that, even where a consumer unequivocally denies seeing language requiring their assent or denies being aware of the hyperlink to the terms, a valid contract exists where (a) a consumer is expressly told that by clicking a button, completing a purchase, or taking some other action, they are affirmatively indicating their agreement to be bound by a set of terms and conditions; and (b) the website contains a hyperlink to the terms and conditions conspicuously and in close proximity to the call to action (*e.g.*, the purchase button). *Lee v. Ticketmaster L.L.C.*, 2019 WL 9096442, at *1 (N.D. Cal. Apr. 1, 2019), *aff'd*, 817 Fed. Appx. 393 (9th Cir. 2020); *Patrick*, 93 F.4th at 477.

The checkout process that Plaintiffs completed is virtually indistinguishable from those in the cases cited above, particularly *Patrick* from the Ninth Circuit. Indeed, courts in this Circuit have repeatedly enforced terms presented through a nearly identical checkout flow. (*See* Mot. at 9-12 (collecting cases).) Plaintiffs fail to even acknowledge, let alone address, most of these cases.

The cases that Plaintiffs rely on are inapposite.

(1) Plaintiffs rely heavily on *Rushing v. Williams-Sonoma, Inc.*, 2025 WL 2391394 (N.D. Cal. Aug. 18, 2025), which is on appeal (No. 25-5252, 9th Cir. Nov. 24, 2025). But *Rushing* is irrelevant. In that case, WSI moved to compel arbitration as to thousands of unnamed purchasers in differing circumstances over more than a decade;[1] in this case, WSI is moving as to two specific purchasers and has presented evidence as to their interactions with the website. Indeed, earlier in the same *Rushing* case, when the *Rushing* court was in the same posture—reviewing a motion to compel as to a single named plaintiff—Judge Orrick granted the motion. *Rushing v. Williams-Sonoma, Inc.*, 2020 WL 6787135 (N.D. Cal. Oct. 8, 2020). As Plaintiffs themselves acknowledge, "reference to past cases can help calibrate judges' instincts and ensure some modicum of consistency." *See Godun v. JustAnswer LLC*, 135 F.4th 699, 715 (9th Cir. 2025) (Nelson, J., concurring). Not only did Judge Orrick grant WSI's motion to compel as to a specific plaintiff, so have other courts, all based on the same or similar website flow. (*See* RJN, Exs. A, B, *Simon v. Williams-Sonoma, Inc.*, Case No. CGC-19-576923, *Order* (Cal. Sup. Ct. Feb. 7, 2020); *Barrientos*

---

[1] The plaintiffs in *Rushing* argue that WSI moved to modify the class certification definition, instead of compelling arbitration. *See Rushing*, No. 25-5252 (9th Cir. Dec. 9, 2025). WSI disagrees, but that is of no moment here.

*v. Williams-Sonoma, Inc.*, Case No. 21 CH 04285, *Memo. Op. and Order* (Ill. Cir. Ct. June 4, 2024).)

(2)    Plaintiffs also cite *Cruz v. Tapestry, Inc.*, but that website flow was markedly different. In *Cruz*, the court focused on the fact that the relevant notice was at the very bottom of a page that it characterized as being a clutter of visual elements, including two columns of information, a dozen text boxes, and multiple images. 113 Cal. App. 5th 943, 958 (2025). The court found that the busyness of the page "increases the likelihood that a consumer would miss the notice text included in just one of the two columns." *Id.* at 957. The court also described the notice as "requir[ing] the reader to squint to discern" its content and was "less than a quarter of the size of the action button." *Id.* at 958. "In light of the degree of clutter on the two-column checkout pages and the conspicuousness of the pages' other elements in relation to the notice text," the court concluded that the website design "draw[s] the user's attention away from the gray, difficult to read, notice text." *Id.* (cleaned up). These considerations are vastly different than the page design here.

(3)    *Berman v. Freedom Fin. Network, LLC* is similarly distinguishable. The Ninth Circuit found that the "two lines of text in *tiny* gray font" purporting to provide notice were "in a font so small that it [was] *barely legible to the naked eye*." 30 F.4th 849, 856-57 (9th Cir. 2022) (emphasis added). This barely legible text was in a font size "considerably smaller than the font used in the surrounding website elements"—all of which were presented in fonts *several times* larger than the notice text and that "further deemphasized" the already "barely readable critical text[.]" *Id.* at 857, 859-61. The same differences are replete in the remaining cases cited by Plaintiffs.[2]

Finally, Plaintiffs' characterization—and supporting video—regarding WSI's Key Rewards sign-up (yet another way that Plaintiffs agreed to arbitrate, beyond just the purchase flow) is

---

[2] *Schlueter-Beckner v. SimpliSafe, Inc.*, 2025 WL 2162948, at *4 (N.D. Cal. July 30, 2025) ("disclosure was located off to the side—not directly above or below the 'Place Order' button"); *Rocha v. Urb. Outfitters, Inc.*, 2024 WL 393486, at *4 (N.D. Cal. Feb. 1, 2024) (disclosure in "small grey font on a white background fails to draw a consumer's attention"); *R.C. v. Walmart Inc.*, 2025 WL 2836648, at *3 (C.D. Cal. Sept. 30, 2025) ("hyperlink is written in small, light gray font" that was "nearly identical to that in *Berman*"); *Rodriguez v. Abercrombie & Fitch Trading Co.*, 2026 WL 892830, at *1 (S.D. Cal. Mar. 30, 2026) (noting that underlining does connote a hyperlink, but finding that the page was cluttered, including with a "bright advertisement for a charity donation"); *Niedziela v. Viator, Inc.*, 2025 WL 2732916, at *8-9 (C.D. Cal. Sept. 25, 2025) (booking screen used bright colors and bold fonts, while the terms are displayed only in "simple text").

intentionally misleading. (Bogdanovich Decl., Ex. 1.) The video cuts off the relevant contractual language and hyperlink to the terms, which appear just below the "Submit" button. (*See* Salem Decl. ¶¶ 2-3.). As an initial matter, Plaintiffs did not submit a declaration denying that they saw the hyperlinked terms in this instance, so counsel's "evidence" is irrelevant. Nevertheless, courts in this Circuit have repeatedly found that nearly identical notices, below the relevant button, are sufficient to find constructive notice. *See, e.*g., *Patrick*, 93 F.4th at 477 (sufficient notice below the button); *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 929 (N.D. Cal. 2024) (placement of notice "directly below the 'Sign Up' button… draws attention to the notice"); *Nail v. Lens.com, Inc.*, 2024 WL 3723912, at *3, 6-7 (C.D. Cal. June 20, 2024) (same).

## III.　　THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE

Plaintiffs claim that WSI's Terms are procedurally and substantively unconscionable. This argument should be rejected off the bat. WSI's Terms have been enforced on multiple occasions, and never found to be unconscionable. (*See* RJN Exs. A and B; *see also Rushing*, 2020 WL 6787135). Courts have also repeatedly compelled arbitration based on the clauses the same or similar to WSI's, finding them enforceable, not unconscionable. *See, e.g.*, *Patrick*, 93 F.4th at 477; *Ross v. Shutterfly Lifetouch, LLC*, 2021 WL 4776666 (N.D. Cal. Oct. 13, 2021); *Lee*, 2019 WL 9096442, at *1; *Dupler v. Orbitz, LLC*, 2018 WL 6038309, at *1–3 (C.D. Cal. July 5, 2018); *Moule v. United Parcel Serv. Co.*, 2016 WL 3648961, at *4, 12 (E.D. Cal. Jul. 7, 2016); *Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *3, 6–7 (S.D. Cal. Nov. 5, 2014)

Given the above long history of courts finding similar clauses enforceable, not surprisingly, a full analysis of the elements of unconscionability leads to the same result. A contract provision is unconscionable only if it is both procedurally and substantively unconscionable. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). The two types of unconscionability operate on a sliding scale. *Id*. Critically, "[b]ecause the FAA favors arbitration, the burden is on the plaintiff to prove that the arbitration agreement is, in fact, unconscionable." *Chamberlain v. LG Elecs. U.S.A.*, 2017 U.S. Dist. LEXIS 117968, at *5 (C.D. Cal. June 29, 2017).

### A.　　Plaintiffs Have Not Established Procedural Unconscionability

"The procedural unconscionability analysis focuses on the circumstances surrounding the

-4-

creation of a contract and the presence of oppression or surprise." *Dias v. Burberry Ltd.*, 2021 WL 2349730, at *14 (S.D. Cal. June 8, 2021) (internal quotations omitted). Plaintiffs' arguments fail.

***First***, Plaintiffs recycle their arguments about the conspicuousness of the website design in support of their arguments about surprise and oppression. But this conflates *whether an agreement to arbitrate exists* (focused on website design) with procedural unconscionability, a distinct question. Because Plaintiffs conflate these distinct issues, nearly all of the cases on which Plaintiffs rely do not address unconscionability at all.[3]

***Second***, Plaintiffs' references to "adhesion contracts" do not establish procedural unconscionability. (Opp. at 7:27-8:2, 9:25-10:4.) In California, "oppression may be established by showing the contract [was] one of adhesion." *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015). But even assuming the Terms constitute an adhesion contract, that does not make them "*per se* oppressive." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1320 (2005) (internal quotations omitted). The "'oppression' factor… may be defeated" where "the complaining party has a meaningful choice of reasonably available alternative sources of supply from which to obtain the desired goods and services free of the terms claimed to be unconscionable." *Morris*, 128 Cal. App. 4th at 1320 (internal quotations omitted). Here, Plaintiffs have not asserted—let alone proven—that they could not have purchased comparable household goods from any number of other retailers. As a result, Plaintiffs have not shown any oppression.[4]

***Third***, although Plaintiffs argue that the arbitration agreement is hidden within the Terms

---

[3] *See Berman*, 30 F.4th at 857 (addressing whether there was sufficient notice of terms for agreement formation); *Weeks v. Interactive Life Forms, LLC*, 100 Cal. App. 5th 1077, 1089 (2024); *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025) (same); *Sellers v. JustAnswer* LLC, 73 Cal. App. 5th 444, 464-65 (2021) (same); *R.C.*, 2025 WL 2836648, at *3 n.1 (same and declining to reach analysis of unconscionability after finding no mutual assent); *Masry v. Lowe's Companies, Inc.*, 2024 WL 3228086, at *7 (N.D. Cal. June 28, 2024) (same in the context of motion to transfer pursuant to a forum-selection clause); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 236 (2d Cir. 2016) (addressing whether there was sufficient notice of terms for agreement formation under Washington law); *Marshall v. Georgetown Mem'l Hosp.*, 112 F.4th 211, 223 (4th Cir. 2024) (same under South Carolina law). None of these decisions addresses unconscionability at all.

[4] Even if the arbitration agreement is an adhesion contract, "without more," that along "would give rise to a low degree of procedural unconscionability at most." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261-62 (9th Cir. 2017).

themselves, they cite no authority supporting that argument. The Terms' preamble expressly states: "These Terms contain an arbitration provision. Please review the Arbitration section for details." (ECF No. 22-3.) The arbitration provision itself is clearly delineated with a bolded heading—**"Arbitration Agreement & Waiver of Certain Rights**"—and includes a conspicuous, capitalized disclaimer alerting users that the section "LIMITS CERTAIN RIGHTS, INCLUDING THE RIGHT TO MAINTAIN A COURT ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO PARTICIPATE IN ANY FORM OF CLASS OR REPRESENTATIVE CLAIM" and other rights. (*Id.*) Courts have found similar placement to be enforceable. *Wilson v. Hatch Bank*, 2024 WL 1355492, at *10 (S.D. Cal. Mar. 29, 2024).  Plaintiffs' cases are distinguishable. *See Higgins v. Superior Court*, 140 Cal. App. 4th 1238, 1252-53 (2006) (finding procedural unconscionability where defendants made no effort to highlight the arbitration provision, which was buried in a "miscellaneous" section); *Swain v. LaserAway Med. Grp., Inc.*, 57 Cal. App. 5th 59, 69 (2020) (finding "elements of surprise" where the arbitration agreement was buried among other forms plaintiff had little time to review).

### B.     <u>Plaintiffs Have Not Established Substantive Unconscionability</u>

Because Plaintiffs have not established any procedural unconscionability, they must prove the arbitration agreement is "overwhelmingly substantively unconscionable." *Rodriguez v. T-Mobile USA, Inc.*, 2023 WL 6593786, at *3 (S.D. Cal. Sept. 28, 2023). "The substantive unconscionability analysis focuses on… whether th[e] terms are so one-sided as to shock the conscience." *Dias*, 2021 WL 2349730, at *15 (internal quotations omitted). "In considering whether an arbitration agreement is substantively unconscionable, the 'paramount consideration' is mutuality of the obligation to arbitrate." *Landeros v. Cintas Corp. No. 3*, 2021 WL 4147005, at *4 (C.D. Cal. June 9, 2021). "Only a 'modicum of bilaterality' is required to prevent a finding of substantive unconscionability in an arbitration agreement." *Id*. Importantly, an arbitration agreement cannot be substantively unconscionable in the abstract.  Courts reject substantive unconscionability arguments based on "potential claims" which "appear[] speculative at best," where the agreement, if applied, might be unconscionable. *Ayala-Ventura v. Superior Court*, 119 Cal. App. 5th 241, 257-58 (2026) (rejecting as speculative plaintiff's hypothetical about being "injured in an automobile

accident caused by one of [defendant's] company vehicles 10 years after her employment"). Plaintiffs have not shown anything that shocks the conscience.

*First*, the bulk of Plaintiffs' argument is that the arbitration agreement, if read to its extreme, is an "infinite" arbitration clause that would require arbitration of all disputes, no matter how disconnected from the terms themselves or Plaintiffs' purchases on the website. But these "potential claims" which "appear[] speculative at best," are irrelevant because substantive unconscionability cannot be proven in the abstract. *Ayala*, 119 Cal. App. 5th at 257-58; *Babaeva v. J. Crew Grp., LLC*, 2023 WL 7346079, at *2 (N.D. Cal. Nov. 6, 2023). In this case, Plaintiffs' claims arise from their purchases on the website, and it was in the context of their purchases that they agreed to arbitrate. There is nothing substantively unconscionable about compelling those claims to arbitration.

*Second*, Plaintiffs' reliance on *Sadlock v. Walt Disney Co.*, 2023 WL 4869245 (N.D. Cal. July 31, 2023) is confounding. In *Sadlock*, the court never addressed unconscionability, because it was never raised, and instead "conclude[d] that there was an agreement to arbitrate and grant[ed] Disney's motion to compel" arbitration. *Id.* at *13.[5] Plaintiffs' attempt to use *Sadlock* as a cautionary tale about "infinite" arbitration clauses is therefore inapposite.

*Third*, Plaintiffs' heavy reliance on *Cook v. University of Southern California*, 102 Cal. App. 5th 312 (2024), is misplaced. *Cook* arose in the employment context, where an employee was required to sign a standalone arbitration agreement as a condition of her livelihood. *Id.* at 317. It is well-established that "arbitration provisions are evaluated differently in the employment and consumer contexts[.]" *Andrade v. Am. First Fin., Inc.*, 2023 U.S. Dist. LEXIS 80920, at **6-7 (N.D. Cal. Apr. 20, 2023). The employment context—where an individual's very livelihood is at stake— warrants heightened scrutiny that is inapplicable to a voluntary consumer purchase that could have been made at any number of competing retailers.[6] Plaintiffs provide no basis for extending *Cook*'s

---

[5] WSI notes that *Sadlock* is not the Disney wrongful death case that generated national news coverage. (*See* Opp. at 2:1-6). Rather, *Sadlock* is a consumer class action alleging violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act—claims wholly unrelated to personal injury or wrongful death. 2023 WL 4869245, at *1.

[6] The California Supreme Court has held the employment context requires heightened scrutiny because "the economic pressure exerted by employers on… employees may be particularly acute,

employment-context analysis to the consumer setting here. Moreover, *Cook* was decided under the California Arbitration Act, not the FAA. Under the FAA, which codifies a "liberal federal policy favoring arbitration" (*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)), broad arbitration provisions are "regularly enforced" in the consumer context. *See, e.g.*, *Babaeva*, 2023 WL 7346079, at *2 (enforcing arbitration agreement that "broadly cover[ed] any dispute that Plaintiff may have against Defendant, including claims stemming from any prior purchases"); *see also Ayala-Ventura*, 119 Cal. App. 5th at 257-58 (recognizing the limitations of *Cook* and rejecting argument that arbitration agreement was "infinite in duration" based on speculative hypotheticals).[7]

*Fourth*, Plaintiffs' lack of mutuality argument is likewise unsupported. Relying solely on *Cook*, Plaintiffs' argue only that the arbitration clause "lacks mutuality because it requires Plaintiffs to arbitrate claims against any 'third-party agent of Williams-Sonoma,' but that same third-party would be perfectly free to sue Plaintiffs in court." (*See* Opp. at 4:23-28.) Of course, that scenario is not applicable in this case. And, *even* if that provision "may reflect a lack of mutuality… the California Supreme Court has confirmed that a one-sided contract is not necessarily unconscionable, [and] something more than the absence of mutuality is required for [a court] to find [a] provision unconscionable." *Bonkowski v. Walmart Inc.*, 2025 WL 4688082, at *7 (C.D. Cal. June 17, 2025) (post-*Cook* decision). Indeed, *in Bielski v. Coinbase, Inc.*, 87 F.4th 1003 (9th Cir. 2023), the Ninth Circuit assumed that the agreement required users, but not Coinbase, to arbitrate their

---

for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement. This economic pressure can also be substantial when employees are required to accept an arbitration agreement in order to *keep* their job. Employees who have worked in a job for a substantial length of time have likely come to rely on the benefits of employment. For many, the sudden loss of a job may create major disruptions, including abrupt income reduction and an unplanned reentry into the job market." *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 127 (2019).

[7] Plaintiffs' contention that WSI's arbitration provision "is even *broader* than *Cook* because it also applies *retroactively*" is unavailing. (Opp. at 21-22.) "The Ninth Circuit consistently upholds the enforceability of the retroactivity of arbitration clauses." *Saucedo v. Experian Infor. Sols., Inc.*, 2023 WL 4708015, at *6 (E.D. Cal. July 24, 2023); *Gauzner v. Butterfly Effects, LLC*, 2025 WL 417956, at *4 (E.D. Cal. Feb. 5, 2025); *Sanfilippo*, at *2 (rejecting unconscionability argument where the arbitration agreement "establishe[d] an intent to cover claims that had accrued prior to the effective date of the arbitration agreement").

claims, yet still held there was only a "low level of substantive unconscionability" insufficient to render the provision unconscionable. *Id.* at 1014-15. The same would be true here.

**Fifth**, WSI's modification provision does not render the arbitration provision unconscionable.[8] The unilateral modification provision is not within the arbitration agreement and, therefore, should not be a proper basis for finding the arbitration agreement unconscionable. *See Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1034-35 (9th Cir. 2016) (noting that courts' "authority to review portions of the contract outside the arbitration provision is limited"). Here, the Terms include a provision with the heading, "**These Terms and Conditions May Change**" that is wholly separate from the arbitration provision with the heading, "**Arbitration Agreement & Waiver of Certain Rights**". (ECF No. 22-3.) Further, "[t]here is no evidence" that WSI "*did* unilaterally modify the arbitration agreement." *Sanfilippo v. Match Grp. LLC*, 2021 WL 4440337, at *2 (9th Cir. Sept. 28, 2021). On the contrary, it is undisputed that the Terms have been the same since, at least, January 24, 2025—well before the transactions alleged in the FAC took place. (ECF No. 22-3.) Moreover, the Ninth Circuit has held that terms' unilateral modification clause "does not make the arbitration provision" contained in those terms "itself unconscionable." *Tompkins*, 840 F.3d at 1033. *Tompkins* is controlling on this issue and should be followed.[9]

**Sixth**, Plaintiffs' attempt to invoke the "Mass Arbitration Process Requirements" as a basis for unconscionability is a red herring. By its plain terms, the mass arbitration provision applies only when 25 or more claimants file arbitration demands "asserted… by the same or coordinated counsel." (ECF No. 22-3.) This case involves two named Plaintiffs. So, any speculation about unconscionable "delay" caused by batching (Opp. at 5:20-7:21) is just that. This stands in stark contrast to cases like *Rios v. HRB Digit. LLC*, 807 F. Supp. 3d 975 (N.D. Cal. 2025) on which

---

[8] Though the Opposition addresses this argument under the procedural unconscionability element (*see* Opp. at 9:24-10:22), the argument is really one of substantive unconscionability. As such, WSI responds to Plaintiffs' unilateral modification argument, here.

[9] *Heckman v. Live Nation Ent. Inc.*, 120 F.4th 670 (9th Cir. 2024) is distinguishable. (*See* Opp. 9:25-10:22). Unlike the modification provision here, in *Heckman*, the Terms "may be changed ***without notice***" and binds consumers who "merely brows[e] the website without purchasing a ticket," among other things. 120 F. 4th at 682 (emphasis added).

Plaintiffs rely almost exclusively.[10] Plaintiffs cannot manufacture unconscionability by speculating about how the Terms might operate in a hypothetical mass arbitration that is not before this Court. Moreover, WSI's mass arbitration provision is substantially similar to the AAA Mass Arbitration Supplementary Rules and the JAMS Mass Arbitration Procedures and Guidelines—widely adopted frameworks that govern mass arbitration proceedings across the country. Accepting Plaintiffs' theory would effectively render every arbitration agreement incorporating such industry-standard procedures unconscionable.

In sum, Plaintiffs have not established that the arbitration agreement shocks the conscience. Again, this is not surprising given the long line of authority finding not only WSI's clause enforceable, but many other similar clauses. In any event, if the Court finds some aspect of the arbitration agreement unconscionable and unenforceable, given that the Terms include a severability provision, the Court should "sever [the] unconscionable provision" and enforce the rest. Doing so is permissible because the arbitration agreement is certainly not "so 'permeated' by unconscionability that it cannot be cured by severance." *Pereyra v. Guaranteed Rate, Inc.*, 2019 WL 2716519, at \*10 (N.D. Cal. June 28, 2019) (citation omitted); *see also Openshaw v. FedEx Ground Package Sys., Inc.*, 731 F. Supp. 2d 987, 998 (C.D. Cal. 2010) (Where parts of an arbitration provision are unconscionable, the arbitration provision can be saved when the unconscionable portion represents only a part of the agreement and can be severed without disturbing the primary intent of the parties to arbitrate their disputes.").

## IV.    CONCLUSION

WSI requests that the Court grant the Motion and compel Plaintiffs' claims to arbitration.

---

[10] In *Rios*, the "real-world" risk of batching delay was concrete—plaintiffs' counsel represented more than 25,000 claimants with similar claims against H&R Block. 807 F. Supp. 3d at 990. Separately, other courts have enforced the same arbitration agreement considered in *Rios* over unconscionability challenges. *Hunt v. Meta Platforms, Inc.*, 729 F. Supp. 3d 964, 969-70 (N.D. Cal. 2024); *Camino v. H&R Block*, 2024 WL 3295589, at \*11-13 (E.D. Pa. July 3, 2024).

Dated:  May 15, 2026                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By        /s/ *P. Craig Cardon*
_____
          P. CRAIG CARDON
          JAY T. RAMSEY
          RANA SALEM

          *Attorneys for Defendant*
          WILLIAMS-SONOMA, INC.

SMRH:4908-1347-9851.4                    Case No. 3:26-cv-01276-RFL
REPLY ISO MOTION TO COMPEL ARBITRATION