**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiffs*

[Defendant's counsel signature block
included on latter page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE O'MALLEY and MEGAN REILLY, individually and on behalf of all others similarly situated, | Case No. 3:26-cv-1276-RFL |
| Plaintiffs, | |
| v. | **JOINT LETTER REGARDING PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY** |
| WILLIAMS-SONOMA, INC., | |
| Defendant. | [Hon. Rita F. Lin] |

On April 22, 2026, Plaintiffs propounded a first set of 23 Requests for Production and 21 Interrogatories on Defendant. On May 22, 2026, the Defendant served its objections and responses, copies of which are attached hereto as Exhibits A & B. The parties held a live call on Friday, May 29, 2026.  The Parties' positions are below.

**Plaintiffs' Position:** Defendant ("WSI") refused to substantively respond to any of Plaintiff's Request for Production or Interrogatories simply because it filed a motion to compel arbitration that another court in this district *already denied*. It did not move to stay discovery or for a protective order. WSI's "conduct in not complying with its discovery obligations … is self -help. '[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities." *Nazemian v. NVIDIA Corp.*, 2026 WL 323304, at *1 (N.D. Cal. Feb. 6, 2026). This conduct is wholly improper and should not be permitted.

Plaintiffs ask the Court to compel WSI to (1) produce documents responsive to just six RFPs (Nos. 11-14, 16-17) during the pendency of WSI's motion, (2a) supplement its responses and objections to the rest of Plaintiff's discovery, and (2b) meet and confer with Plaintiff to discuss the scope of class-discovery assuming WSI's motion to compel arbitration is denied. This relief should be granted for two reasons. First, the motion is likely to be denied. And second, "[e]ven if the Court ultimately compels arbitration, the[se] … early discovery [requests No. 11-14, and 16-17 are tailored to Plaintiffs' individual claims and] will [thus] still be useful in the arbitration proceedings." *Barraza v. Cricket Wireless, LLC*, 2015 WL 14114588, at *1 (N.D. Cal. Aug. 31, 2015).

"There is … 'no rule requiring the automatic stay of discovery while a motion to compel arbitration is pending.'" *ICPEP, LLC v. SMG Specialty Finance, LLC*, 2026 WL 1334841, at *1 (C.D. Cal. May 8, 2026) (denying motion to stay discovery pending arbitration motion) (citing cases). In deciding whether to stay discovery pending an arbitration motion, "the court must take a 'preliminary peek' at the merits of the dispositive motion to assess whether to stay discovery." *Copes v. Thyssenkrupp Supply Chain Servs. NA, Inc*., 2026 WL 242229, at *2 (N.D. Cal. Jan. 29, 2026). To stay discovery, "the Court [should either] be 'convinced' of the success of the potentially dispositive motion, or [find] 'clear and convincing evidence' that the potentially dispositive motion will

succeed." *Chan v. Panera, LLC*, 2024 WL 4328827, at \*5 (C.D. Cal. Aug. 16, 2024) (denying stay where "Plaintiff has a strong argument" against the merits of Defendant's arbitration motion).

Neither ground is present here. Judge Orrick already denied WSI's motion to compel arbitration, holding that WSI's purchase flow screens—materially identical to the screens its current motion is based on—failed to provide reasonably conspicuous notice. *Rushing v. Williams-Sonoma, Inc.*, 2025 WL 2391394, at \*3 (N.D. Cal. Aug. 18, 2025); *see also Cruz v. Tapestry, Inc.*, 113 Cal. App. 5th 943, 958 (2025) (denying motion to compel arbitration based on a screen with more conspicuous design elements than those present here, in highly analogous online shopping context).

What is more, even setting aside the conspicuous notice problem, Plaintiffs' opposition brief makes a strong showing the terms are unconscionable. WSI's terms share the same three overbreadth features (unbounded scope, unlimited duration, and lack of mutuality) that the Court in *Cook* held showed a "high degree of substantive unconscionability." *Cook v. Univ. of Southern Cal.*, 102 Cal. App. 5th 312, 321 (2024); *accord Stoker v. Blue Origin, LLC*, 120 Cal. App. 5th 91, 107 (2026) (recent decision from late April following *Cook* and holding similarly overbroad arbitration clause was unconscionable). Nor does WSI dispute that the terms' staggered mass arbitration protocol would likely result in decades-long delays, which multiple courts have held is substantively unconscionable. *Rios v. HRB Digital LLC*, 807 F. Supp. 3d 975, 989-92 (N.D. Cal. 2025); *Pandolfi v. Aviagames, Inc.*, 2025 WL 2463742, at \*1 (9th Cir. Aug. 27, 2025). Worse still, WSI's terms permit it to *retroactively modify* its terms by simply posting it on its site. In other words, WSI's terms would permit it to unilaterally change the rules of a *pending arbitration*, and those changes would apply *retroactively* to that *same arbitration*. This is precisely the same offending provision the Ninth Circuit struck down in *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024). "Even standing alone… [this retroactive modification provision] is procedurally unconscionable." *Id.*

WSI does not, and cannot, substantively respond to any of these concerns. WSI's only response to *Cook* overbreadth problem is that "arose in the employment context." ECF No. 26, Reply at p.7. But other courts have applied *Cook* to "invalidat[e] … overbroad" arbitration clauses in consumer cases too, "even when the plaintiff has not shown that he has been disadvantaged by the overbreadth." *See, e.g.*, *Bryant v. Robinhood Fin., LLC*, 2026 WL 900364, at \*2 (N.D. Cal. Apr. 2,

2026). Nor does WSI address the mass arbitration protocol's interminable delay problem. Instead, it says Plaintiffs cannot "speculat[e] about how the Terms might operate" because they have not yet initiated a mass arbitration. Reply at 9-10; *but see Cook*, 102 Cal. App. 5th at 322, n.2 and *Stoker*, 120 Cal. App. 5th at 112, n.6 (both rejecting this line of reasoning). Yet "an unconscionability assessment focuses on circumstances known at the time the agreement was made." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 505 (2024). This requires courts to *anticipate* how a clause would be applied "'in practical effect.'" *Id.* at 499 (approvingly citing Cook, 102 Cal. App. 5th at 327). In *Ramirez*, the state supreme court held a clause was unconscionable because it *anticipated* "the Agreement, as a whole, *tends to exempt* claims *likely* to be made by [defendant] while directing [plaintiff]'s *likely* claims into arbitration." *Id.* at 498 (emphases added).

Finally, "[e]ven if the Court ultimately compels arbitration, the[se] … early discovery [requests tailored to Plaintiffs 'individual claims] will still be useful in the arbitration proceedings." *Barraza v. Cricket Wireless, LLC*, 2015 WL 14114588, at *1 (N.D. Cal. Aug. 31, 2015). RFPs Nos. 11-14 and 16-17 ask for Defendant's checkout flows, documents related to changes to the checkout flows or its processing fees and their purpose, and Plaintiffs' specific purchases. These would all be discoverable in early arbitration. So even assuming WSI's motion had not already been denied and was meritorious—it is *not*—all this information would be discoverable in arbitration anyway. WSI has no reason to delay this discovery, and nothing in the Federal Rules permit it to engage in self-help by flatly refusing to respond to *any* of Plaintiffs' discovery requests. At the April 29, 2026 meet and confer, WSI stood on its pending motion objection and refused to entertain giving *any* discovery.

**<u>Defendant's Position:</u>**  The Court should reject Plaintiff's request to intervene in this matter.

***First***, although the Court previously scheduled an Initial Case Management Conference, the Court vacated it, stating that "the hearing will be reset following resolution of [WSI's] Motion to Compel [Arbitration] and to Dismiss." Dkt. 23.  As a result of this order, the parties did not file a discovery plan, although they had met to discuss one before the Court got around to vacating the conference.  The point is, the Court has already indicated that it wants to address the Motion to Compel Arbitration first, before setting a schedule or getting into discovery.  WSI respectfully requests that it not wade into a discovery matter that is not even ripe.

***Second***, likely because of the above, the Court has not yet referred discovery in this matter to the Magistrate.  WSI recognizes that the Court does not always do so, but the Court's Standing Order indicates that such referral will happen in "the vast majority of cases."  If that is going to happen, this discovery dispute should be disregarded and the parties can raise it with the magistrate.

***Third***, the Court's inclination to address the Motion to Compel Arbitration first, before setting a case schedule and moving forward on discovery is entirely consistent with the law and settled practice.  Indeed, WSI requests that the Court stay discovery pending the Court's ruling on the Motion to Compel Arbitration.  "Courts routinely stay discovery pending motions to compel arbitration because if the motion is granted, the arbitrator will determine the nature and scope of discovery." *Copes*, 2026 WL 242229, at \*2; *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at \*1-2 (N.D. Cal. Feb. 14, 2017) (collecting cases); *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566395, at \*2 (C.D. Cal. Dec. 28, 2017) ("If the motion to compel arbitration is granted, responsibility for the conduct of discovery will lie with the arbitrators." (cleaned up)). A "short [discovery] stay often will serve the parties' interests in conserving resources and the court's interest in securing just, speedy, and inexpensive resolutions of cases before it."  *Olson v. World Fin. Grp. Ins. Agency, LLC*, 2025 WL 2243646, at \*1 (N.D. Cal. Aug. 6, 2025); *see also Stiener v. Apple Comp., Inc.*, 2007 WL 4219388, at \*1 (N.D. Cal. Nov. 29, 2007) (collecting cases).

Courts in the Northern District of California apply "a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion."  *Garcia v. Experian Info. Sols., Inc.*, 2024 WL 1117912, at \*1 (N.D. Cal. Mar. 13, 2024). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (citation omitted). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* (citation omitted). "This test has the Court take a 'preliminary peek' at the underlying motion without exhaustively reviewing the merits." *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, at \*1 (C.D. Cal. Jan. 8, 2024). Both prongs are satisfied.  (1) The Motion to Compel Arbitration is—by its nature—the sort of "potentially dispositive" motion that justifies a stay of discovery. *Arik v. Meyers*, 2020 WL 515843, at \*2 (D. Nev. Jan. 31, 2020); *Williams v. Experian Inf. Sols. Inc.*, 2024 WL 739676, at \*3 (D. Ariz. Feb. 23, 2024).  (2) There is

no dispute that the Motion to Compel Arbitration can be decided without discovery—indeed, Plaintiffs have never argued that discovery is necessary to resolve those issues. *See Williams*, 2024 WL 739676, at *4 (finding stay warranted where "[t]he motion to compel arbitration [was] already fully briefed and Plaintiff notably did not argue, in her opposition to that motion, that she needed to engage in further discovery before responding").

Plaintiff does not seriously contend with the above standard practice. The cases that Plaintiff cites (1) do not involve motions to compel arbitration (*Nazemian*); (2) are not reasoned at all—one is just a two sentence order (*Barraza*); or (3) arises in unique circumstances that may have warranted a *limited* amount of discovery pending a motion to compel arbitration. The primary thrust of Plaintiff's argument is that her counsel thinks that WSI's Motion to Compel Arbitration will be denied, so there is no reason to wait. Counsel's confidence is irrelevant; the Court should address the Motion on the merits, which it is set to do in just a few weeks' time. On that, Plaintiff argues that "Judge Orrick already denied WSI's motion to compel arbitration." That is wrong. That was a different case, involving different plaintiffs, different facts, and different circumstances. That decision is also on appeal. Beyond that, as WSI pointed out in its Motion, several courts have enforced WSI's arbitration provision and compelled arbitration as a result.

*Finally*, Plaintiff did not meet and confer in good faith, as required. During the conference, WSI said it would seek a protective order to stay discovery pending the Motion to Compel Arbitration. Then, in was only in this joint letter that Plaintiff, for the first time, offered to narrow the requested discovery. Even that suggestion, however, is of no help. Only one of the requests indicated is limited to Plaintiff (RFP No. 16); the rest are overbroad requests seeking information relevant only if this case proceeds as a class action in court—e.g., "All versions of the checkout flow on YOUR WEBSITES during the CLASS PERIOD;" "All DOCUMENTS and COMMUNICATIONS concerning any changes related to the presentation of PROCESSING FEES on YOUR WEBSITES during the CLASS PERIOD;" and on.

For the foregoing reasons, the Court should decline to address the discovery "dispute" raised by Plaintiff. Alternatively, it should stay discovery pending its order on WSI's Motion.

Dated:  June 3, 2026                    Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:    /s/ Stefan Bogdanovich

                                        Stefan Bogdanovich (State Bar No. 324525)
                                        1990 North California Blvd., 9th Floor
                                        Walnut Creek, CA 94596
                                        Telephone: (925) 300-4455
                                        Facsimile: (925) 407-2700
                                        E-mail: sbogdanovich@bursor.com

                                        *Attorney for Plaintiffs*


Dated:  June 3, 2026                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                        By:    /s/ P. Craig Cardon

                                        P. CRAIG CARDON, Cal Bar No. 168646
                                        JAY T. RAMSEY, Cal Bar No. 273160
                                        RANA SALEM, Cal Bar No. 358050
                                        1901 Avenue of the Stars, Suite 1600
                                        Los Angeles, California 90067-6055
                                        Telephone: 310.228.3700
                                        Facsimile: 310.228.3701
                                        E-mail: ccardon@sheppard.com
                                                jramsey@sheppard.com
                                                rsalem@sheppard.com

                                        *Attorneys for Defendant*
                                        Williams-Sonoma, Inc.


### CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Stefan Bogdanovich, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

                                        By:    /s/ Stefan Bogdanovich