UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE O'MALLEY, et al., | Case No.  26-cv-01276-RFL |
| Plaintiffs, | |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| WILLIAMS-SONOMA, INC., | Re: Dkt. No. 20 |
| Defendant. | |

The Court requests that the parties be prepared to address the following questions at the hearing on Williams-Sonoma's motion to compel arbitration, set for June 30, 2026, at 10:00 a.m., in Courtroom 4 on the 17th floor of the San Francisco Courthouse.

1. Plaintiffs contend that the Arbitration Agreement is unconscionably broad under *Cook v. Univ. of S. Cal.*, 102 Cal. App. 5th 312, 321–25 (2024).

   a. Is the Agreement's scope implicitly limited to consumer claims since the AAA's Consumer Arbitration Rules apply?  *See Cocom v. ABM Aviation, Inc.*, --- F.4th ----, 2026 WL 1793637, at *6 (9th Cir. June 23, 2026) (viewing reference to the AAA's Employment Arbitration Rules as "shed[ding] light on ambiguous language").

   b. Is there a real possibility that Plaintiffs would interact with Williams-Somona enough to have claims outside the consumer context?  Plaintiffs say they could be compelled to arbitrate toxic tort and car accident claims against Williams-Sonoma, but it seems speculative that they would have such claims.

1

*See Ayala-Ventura v. Superior Ct.*, 119 Cal. App. 5th 241, 257 (2026).

c. California law does not appear to treat contractual provisions generally as unconscionable merely because they are broad. Does Plaintiff's reading of *Cook* run afoul of the FAA by treating any broad agreement to arbitrate as inherently one-sided, while not treating other broad contractual provisions the same way? Would Plaintiffs' reading of *Cook* invalidate most consumer arbitration agreements that have been routinely enforced despite similarly broad wording?

2. The Agreement requires Plaintiffs to arbitrate disputes against Williams-Sonoma's third-party agents but does not mutually require those agents to arbitrate claims against Plaintiffs. There would seem to be a legitimate business need to require Plaintiffs to arbitrate those claims, as they could otherwise circumvent the Agreement by suing an agent for Williams-Sonoma's acts. At the same time, it seems hard to imagine that Williams-Sonoma could circumvent the arbitration agreement by having its agents sue Plaintiffs, given the types of claims that the company would have against its consumers. Does that reduce any non-mutuality concerns?

3. The Agreement deems all provisions severable "[e]xcept for the Mass Arbitration Process Requirements section." However, it only expressly deems that section inseverable "if a Claim is part of a Mass Arbitration." Since this case is not part of a Mass Arbitration, isn't the Agreement silent about that section's severability? The "strong legislative and judicial preference is to sever." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 513 (2024). If only that section is unconscionable, is "the illegality . . . collateral to the contract's main purpose," and would "enforcing the balance of the contract . . . be in the interests of justice"? *See id.* at 517.

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they

wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

     **IT IS SO ORDERED.**

Dated: June 25, 2026

 

_____
RITA F. LIN
United States District Judge

3