SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
JAY T. RAMSEY, Cal Bar No. 273160
RANA SALEM, Cal Bar No. 358050
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:     310.228.3700
Facsimile:     310.228.3701
E-mail:          ccardon@sheppard.com
                    jramsey@sheppard.com
                    rsalem@sheppard.com

*Attorneys for Defendant*
Williams-Sonoma, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KATIE O'MALLEY and MEGAN REILLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>Defendant. | Case No. 3:26-cv-01276-RFL<br><br>*Hon. Rita F. Lin*<br><br>**RESPONSE TO STATEMENT OF RECENT DECISION** |

Defendant Williams-Sonoma, Inc. ("WSI") respectfully responds to Plaintiffs' Statement of Recent Decision filed July 13, 2026.

*First*, the Statement of Recent Decision is untimely and should be stricken. Local Civil Rule 7-3(d) prohibits filing additional papers after a reply without prior Court approval. The exception under Rule 7-3(d)(2), which permits a Statement of Recent Decision for opinions published after the opposition or reply, applies only "[b]efore the noticed hearing date." Here, the hearing on WSI's Motion to Compel Arbitration has already been held and the matter submitted. Plaintiffs neither sought nor obtained leave of Court before filing. The Statement of Recent Decision should be stricken.

*Second*, if considered, *Phan* (an employment case) supports WSI's position. The *Phan* court confirmed that *Cook* "neither expressly nor impliedly suggested that all broadly worded arbitration agreements are per se unconscionable." *Phan v. Knight Sacramento SU Inc.*, No. C103401, 2026 WL 1905668, at *6 (Cal. Ct. App. June 5, 2026). The distinctions between *Cook* and this case were discussed at length during the hearing. *Phan* also does not address the question this Court expressly posed—whether Plaintiffs' reading of *Cook* would "run afoul of the FAA by treating any broad agreement to arbitrate as inherently one-sided." Dkt. 33, at p. 2. Finally, *Phan* reaffirmed that the *Cook* agreement was one-sided because it benefited "broad swaths of third party beneficiaries only in favor of USC." 2026 WL 1905668, at *5. The WSI agreement and context are highly distinguishable as was discussed at the hearing.

*Third*, if the matter is reopened to consider the tardy Statement of Recent Decision, WSI objects to the demonstrative Plaintiffs' counsel presented at the close of the hearing. The demonstrative was not disclosed to WSI's counsel beforehand, and WSI had no opportunity to respond before the hearing concluded and the Court deemed the matter submitted. It was presented in dramatic fashion as a printout of the operative Terms and Conditions, taped end to end, to suggest that consumers would have difficulty locating the arbitration provision. However, after the hearing, as Plaintiffs' counsel collected it off the floor, WSI's counsel observed that the printout included not only the Terms and Conditions but also the Privacy Policy, making the document appear substantially longer than the actual Terms. In any event, the Terms' preamble

(at the top of the first page) expressly alerts the reader to the existence of the arbitration agreement and directs the reader to the "Arbitration" section for details.

WSI respectfully requests that the Court strike the untimely Statement of Recent Decision and, to the extent the matter is not treated as submitted, disregard the undisclosed and misleading demonstrative.

Dated:  July 17, 2026                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                        By _____
                                                   /s/ *P. Craig Cardon*
                                               P. CRAIG CARDON
                                               JAY T. RAMSEY
                                               RANA SALEM

                                               *Attorneys for Defendant*
                                            WILLIAMS-SONOMA, INC.

SMRH:4911-6038-6237.2                                Case No. 3:26-cv-01276-RFL
                                        RESPONSE TO STATEMENT OF RECENT DECISION